**In re: CIRCUIT CITY STORES, INC., RESTOCKING FEE SALES PRACTICES LITIGATION.**

**MDL No. 1900.**

United States Judicial Panel on Multidistrict Litigation.

Dec. 14, 2007.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA *, Judges of the Panel.

**ORDER DENYING TRANSFER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Plaintiff in the Central District of California action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Middle District of Florida or, alternatively, the Southern District of New York or the Central District of California. Plaintiffs in the Middle District of Florida action support the motion. Plaintiff in the Southern District of New York *Alicea* action and defendant Circuit City Stores, Inc. oppose the motion. The *Alicea* plaintiff alternatively requests that the Panel defer its decision until the Southern District of New York court rules on her motion to remand to state court.

This litigation currently consists of three actions listed on Schedule A and pending

* Judge Scirica did not participate in the decision of this matter.

in three districts, one each in the Central District of California, the Middle District of Florida, and the Southern District of New York.

On the basis of the papers filed and hearing session held, we find that Section 1407 centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Inasmuch as this litigation involves only three actions, the proponents of centralization have failed to persuade us that any common questions of fact are sufficiently complex and/or numerous to justify Section 1407 transfer in this docket at this time. Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan. Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

### SCHEDULE A

MDL No. 1900—*In re: Circuit City Stores, Inc., Restocking Fee Sales Practices Litigation*

*Central District of California*
  Roxana Wilson v. Circuit City Stores, Inc., C.A. No. 2:07–5229

*Middle District of Florida*
  Kenneth Donnelly, et al. v. Circuit City Stores, Inc., C.A. No. 5:06–387

*Southern District of New York*
  Ada Alicea v. Circuit City Stores, Inc., C.A. No. 1:07–6123